(No. 35683.—▮▮▮▮▮▮▮▮)

WALLACE E. SUGDEN, Appellant, *vs.* THE DEPARTMENT OF PUBLIC WELFARE, Appellee.

*Opinion filed September 29, 1960.*

NORMAN, ENGELHARDT & ZIMMERMAN, of Chicago, (HAROLD W. NORMAN, ALLYN J. FRANKE, and GEORGE H. REDDING, JR., of counsel,) for appellant.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This appeal is from a judgment of the superior court of Cook County confirming the order and decision of the Department of Public Welfare that the plaintiff is liable for the statutory maintenance charge of his former wife at the Elgin State Hospital. The case relates to revenue.

Ellen Sugden has been a patient in the Elgin State Hospital since 1948. After her commitment, plaintiff began making payments to the hospital for her clothing and incidental expenses. The cost of these expenses, not constituting any part of the maintenance or treatment charges, was all that plaintiff was liable for at the time under section 9—1 of the Revised Mental Health Act. Ill. Rev. Stat. 1947, chap. 91½, par. 9—1.

In June of 1952 the plaintiff was granted a divorce from Ellen Sugden on grounds existing prior to her insanity. The divorce decree provided in part: "That the plaintiff Wallace E. Sugden, shall continue to pay for all ordinary expenses in relation to the defendant's confinement at the Elgin State Hospital or at any other similar institution."

On January 1, 1952, section 9—19 of the Mental Health Code (Ill. Rev. Stat. 1951, chap. 91½, par. 9—19) became effective. Under this section, the spouse of a patient is liable under certain circumstances for the cost of monthly maintenance charges. The plaintiff received his first monthly statement of sums due for the care and maintenance of Ellen Sugden in July 1952. He paid all charges, then and thereafter assessed by the Department, until January, 1958, when he petitioned the Department under section 9—22 (chap. 91½, par. 9—22) for a release from the statement of sums due as maintenance charges.

At the hearing the plaintiff argued that he is not liable for any maintenance charges under section 9—19 because he is no longer the spouse of Ellen Sugden. The Department took the position that plaintiff was not liable as the

spouse of Ellen Sugden but was liable for the maintenance charges under the divorce decree. It insisted that since the plaintiff is liable for "all ordinary expenses" in relation to her confinement and since the maintenance charges are ordinary expenses, the plaintiff is liable for the cost of her maintenance at the State hospital.

The plaintiff admits that the divorce decree imposed a financial obligation on him, but he contends that an administrative agency is without authority to construe a court decree. The legislature has delegated to administrative agencies the duty of making decisions and determinations. In making such determinations these agencies have the authority to construe statutory provisions. (*People ex rel. United Motor Coach Co.* v. *Carpentier,* 17 Ill.2d 303; *Nye* v. *Foreman,* 215 Ill. 285.) On occasion such a determination may require the application of a court's decision, the meaning and effect of which is disputed. If an administrative agency had to have every questioned meaning of a court's decision interpreted by a court before it could proceed, it would be deprived of the advantages of prompt and definite action. We are of the opinion that an administrative agency has the authority to construe a court's decision to the extent that it is necessary for the initial determination of the issues which the legislature has given it the authority to determine.

The question then is whether it was necessary for the Department to interpret the obligation imposed by the divorce decree in order to make its determination of plaintiff's liability. After imposing the liability for maintenance charges in section 9—19, the legislature in sections 9—20 and 9—21, (pars. 9—20 and 9—21,) has prescribed how this liability is to be calculated and fixed. In section 9—22 it has given a party aggrieved by the administration of the act the right to petition the Department for a hearing. In section 9—23 it has provided for enforcement of this liability in the county court. An examination of these pro-

visions reveals that they relate only to the liability created in section 9—19. Thus, the Department only has the authority to initially determine whether a person is liable under the act and the extent of his liability under the act.

Meaning and effect must of course be given to the decree in determining whether Sugden was still the spouse of Ellen Sugden. Since the decree severed the marriage relationship, the plaintiff was no longer liable as a spouse under section 9—19 and the Department should have so found. A construction of the obligation imposed by the divorce decree was in no manner necessary for a determination by the Department of the plaintiff's liability under the Mental Health Code. The determination of plaintiff's financial liability under the divorce decree was outside the scope of the Department's authority and could not be enforced in this proceeding.

The judgment of the superior court of Cook County confirming the decision of the Department of Public Welfare is reversed.

*Judgment reversed.*