VERVA ROCKE *et al.*, Petitioners, *v.* THE POLLUTION CONTROL BOARD *et al.*, Respondents.

First District (4th Division)   No. 78-579

Opinion filed October 18, 1979.

William C. Latham, of Willow Springs, for petitioners.

Bernard Carey, State's Attorney, of Chicago, for respondents County of Cook and Richard Golterman.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Petitioners appeal from a final order entered by respondent, the Illinois Pollution Control Board (Board), striking counts II, IV, V, and VI of petitioners' amended complaint pursuant to section 31(b) of the Environmental Protection Act (Act) (Ill. Rev. Stat. 1977, ch. 111½, par. 1031(b)), and the Board Procedural Rules. We affirm.

Petitioners, Verva Rocke, Marilyn Crince, and Thomas G. Buddell, are residents of Hazel Crest, Illinois. At the time the complaint was filed, two of the respondents, the County of Cook and the Cook County superintendent of highways, Richard Golterman, were involved in construction activities for the widening of Kedzie Avenue between 171st and 175th Streets, and between California and Kedzie Avenues on 175th Street, in Hazel Crest. Verva Rocke and Thomas G. Buddell are adjoining landowners to the highway undergoing construction.

On January 20, 1978, petitioners filed a formal citizens' complaint with the Board alleging numerous violations of the Act (Ill. Rev. Stat. 1977, ch. 111½, par. 1001 et seq.) and the Illinois Constitution. The Board scheduled the matter for a hearing to be held on February 16, 1978, to determine whether the complaint was frivolous or duplicitous under Board Procedural Rule 306(b) (Rule 306(b)). An amended complaint was filed and, on March 16, 1978, the Board set counts I and III for a hearing. Subsequently, petitioners withdrew those two counts. Counts II, IV, V, and VI were stricken on the pleadings as being duplicitous and frivolous.

The question for review is whether the Board acted properly in striking counts II, IV, V, and VI of petitioners' amended complaint as being duplicitous and frivolous.

Petitioners argue that the Board acted improperly in striking the four counts because the Act, as well as Rule 306(b), entitles them to a hearing. The Act provides:

"Unless the Board determines that such complaint is duplicitous or frivolous, it shall schedule a hearing * * *." (Ill. Rev. Stat. 1977, ch. 111½, par. 1031(b).)

Rule 306(b) provides:

"If the Board rules that the complaint is not duplicitous or frivolous * * *, the Chairman shall designate a Hearing Officer and the Clerk shall notify the parties of such designation." (Illinois

Pollution Control Board Regulations (P.C.B. Regs.), ch. 1, Rule 306(b).)

Petitioners argue that the amended complaint was not duplicitous or frivolous, citing *Winnetkans Interested in Protecting the Environment (WIPE) v. Pollution Control Board* (1977), 55 Ill. App. 3d 475, 370 N.E.2d 1176. In *WIPE*, the court interpreted the terms, duplicitous and frivolous. It stated:

"[I]n *League of Women Voters v. North Shore Sanitary Dist.* (1970), 1 Ill. P.C.B. Op. 35, 36 * * * the Board stated that the reason for the prohibition of duplicitous complaints is the apprehension that private citizens' complaints 'might flood the Board with too many cases raising the same issue and [might] unduly harass a respondent.' Webster's Third New International Dictionary 702, 703 (1971) defines 'duplicitous' as 'showing duplicity.' 'Duplicity' is defined in part as 'the quality or state of being double or twofold * * * the use of two or more distinct allegations or answers where one is sufficient: pleading double * * *'

* * *

[A] frivolous pleading is one that is either legally or factually deficient." (*WIPE*, 55 Ill. App. 3d 475, 479-81.)

Respondents contend that petitioners' amended complaint was frivolous. It was, according to respondents, both factually and legally deficient.

In substance, the four counts before us alleged the following:

### Count II

That defendants are promoting additional traffic to be carried by the highway in violation of Section 24 of the Act and Rules 101 and 102 of the Board. That said additional traffic will cause sound emissions constituting noise pollution.

### Count IV

That defendants are threatening to construct a highway in a manner that will cause or allow air pollution in violation of Section 9(a) of the Act, and Rule 102 of the Board by causing the emission of dust and vehicular exhaust.

### Count V

That defendants' construction will cause and increase traffic which will cause a degradation of presently existing air quality and the emission of the following contaminants: carbon monoxide, sulfur oxide, nitrogen dioxide, rust, dust, asbestos, carbon and sulfate particles, and non-methane hydrocarbons in violation of Section 9(a) of the Act and Board Rules 303, 307, 308, 309, 310, and 311.

## Count VI

Defendants are presently constructing a sewer that will allow the discharge of contaminated runoff waters in the waters of the State without applying for an NPDES permit in violation of Sections 12a and 12b of the Act and Board Rule 901.

Regarding the legal deficiencies, respondents argue that counts II, IV, and V are deficient, in part, because they are premised on petitioners' speculation as to what might occur in the future. For example, count II speculates that additional traffic will be carried by the highway, thereby causing air pollution. Count IV alleges that air pollution is threatened in the course of improving the highway. Count V alleges that the construction will cause an increase in traffic which will, in turn, cause air pollution by the emission of contaminants. In *City of Des Plaines v. Pollution Control Board* (1978), 60 Ill. App. 3d 995, 1000, 377 N.E.2d 114, 119, which supports respondents' position, the court said:

"There are no prior instances of pollution and damage to the environment. * * *. Petitioners failed to allege facts which would show a 'very definite danger' of pollution * * * 'at any time' * * *. The allegation is insufficient to state a cause of action that the WRP [O'Hare Water Reclamation Plant] is a threat to their environment * * *."

Petitioners argue that the legislature positively stated its intent to have sanctions issued when sections 9(a) and 12(a) (Ill. Rev. Stat. 1977, ch. 111½, pars. 1009, 1012) were adopted. These sections read, in part:

"§9. No person shall: (a) Cause or threaten or allow the discharge or emission of any contaminant * * * so as to cause or tend to cause air pollution * * * or so as to violate regulations * * * adopted by the Board * * *;

* * *

§12. No person shall: (a) Cause or threaten or allow the discharge of any contaminants * * * so as to cause or tend to cause water pollution * * * or so as to violate regulations * * * adopted by the * * * Board * * *."

However, we must agree with respondents that petitioners' allegations are insufficient in that no prior conduct was alleged to have occurred upon which any threatened violations could be inferred.

Respondents argue that counts II and V are legally insufficient because they were premised upon the effect not of the highway or its construction but of the possible air pollution which might be caused by possible increased traffic. In support, respondents cite *Illinois State Toll Highway Authority v. Karn* (1973), 9 Ill. App. 3d 784, 293 N.E.2d 162, where the appellate court stated:

"It is obvious that it is not the toll road or its construction which would cause air pollution; it is the operation of certain types of vehicles using the road which may do so, unless pollution from such vehicles is eliminated or greatly reduced by other state or federal laws or regulations. (See 45 C.F.R., sec. 1201.21; 42 U.S.C., sec. 1857f-1.) If defendants' arguments were valid, the construction of virtually all new roads would have to be barred because vehicles using the road emit certain gases and other contaminants harmful to the environment in general * * *." (*Karn*, 9 Ill. App. 3d 784, 790.)

The same argument is advanced by respondents against count IV, which also fails to distinguish the instant highway construction from any other; therefore, it neglects the requirement of *City of Des Plaines v. Pollution Control Board* (1978), 60 Ill. App. 3d 995, 1002, 377 N.E.2d 114, 120, which necessitates the showing of "a very definite danger" of pollution "at any time."

Respondents argue that count VI is legally deficient because it complains of conduct that is not legally required. The count alleges that respondents are constructing a sewer without a national pollution discharge elimination system (NPDES) permit required by the Board's Water Pollution Control Rules (P.C.B. Regs., ch. 3, pt. IX, subpt. B) which state:

"PERMITS

Permits may be required under either one of two procedures— NPDES Permits, Subpart A, which regulate discharges into navigable waters as defined in the FWPCA [Federal Water Pollution Control Act], or Other Permits, Subpart B, which regulate certain structures and discharges therefrom that are not required to have an NPDES Permit.

* * *

SUBPART B: OTHER PERMITS

This Subpart B establishes basic rules for the issuance of permits for the construction, modification and operation of treatment works, pretreatment works, sewers, wastewater sources and other discharges which are not required to have NPDES Permits."

Respondents argue, and we agree, that in the instant case, no NPDES permit was required for the storm sewer being constructed to drain the surface runoff from the highway, since the construction and the operation of sewers is not covered by subpart A. Furthermore, it is clear from the Act that no NPDES permit is needed from the State agency if a permit is not required under the Federal Water Pollution Control Act. The State statute provides:

"No permit shall be required under this subsection and under Section 39(b) of this Act for any discharge for which a permit is not

required under the Federal Water Pollution Control Act Amendments of 1972 (P.L. 92-500) and regulations pursuant thereto." (Ill. Rev. Stat. 1977, ch. 111½, par. 1012(f).)

Accordingly, we find that no construction or operation permit was required.

Respondents argue that counts II, IV, V, and VI were also factually deficient. Both the statute and the Rules promulgated by the Board provide for specificity in pleadings. Section 31(a) of the Act (Ill. Rev. Stat. 1977, ch. 111½, par. 1031(a)) requires that a complaint must specify "the manner in, and the extent to which" the county violates the Act or its regulations. The Board's Procedural Rule 304(c)(2) requires that a formal complaint shall contain:

> "[T]he dates, location, events, nature, extent, duration, and strength of discharges or emissions * * *. The complaint shall advise respondents of the extent and nature of the alleged violations to reasonably allow preparation of a defense; * * *." P.C.B. Regs., ch. 1, Rule 304(c)(2).

■■ The stricken counts are, for the most part, void of facts which would reasonably inform respondents of the manner and extent to which the Act and/or regulations were being violated. In *Winnetkans Interested in Protecting the Environment (WIPE) v. Pollution Control Board* (1977), 55 Ill. App. 3d 475, 370 N.E.2d 1176, the court ruled:

> "It is correct that pleadings or charges in an administrative proceeding need not be drawn to comply with the same technical requirements as imposed in court actions. [Citation.] However * * * administrative pleadings should be required to 'allege proper facts to demonstrate the basis * * *' upon which the claim of the pleader is founded." (*WIPE*, 55 Ill. App. 3d 475, 482.)

We find that the Board properly found counts II, IV, V, and VI of petitioners' amended complaint frivolous and factually deficient.

Now, we turn to the question of whether the trial court was correct in its finding of duplicity. Two other cases regarding the construction of the same highway have been brought to our attention by respondents—Verva Rocke v. County of Cook, *et al.*, No. 77CH8882, and Verva Rocke v. County of Cook, *et al.*, No. 78CH624. In *Rocke v. County of Cook* (1978), 60 Ill. App. 3d 874, 377 N.E.2d 287, the trial court had denied relief and was affirmed on appeal. Here, where petitioners have filed three separate actions on the construction of the same highway, we have no alternative but to agree that the complaint is duplicitous in light of the interpretation of that term in *WIPE*, 55 Ill. App. 3d 475, 479.

■■ Decisions of the Board will not be set aside unless they are arbitrary, unreasonable or capricious. (*Illinois Coal Operators Association v. Pollution Control Board* (1974), 59 Ill. 2d 305, 310, 319 N.E.2d 782, 785.)

In the instant case, the Board was not arbitrary or capricious. The four counts were legally and factually deficient and the allegations raised were substantially similar to matters previously brought before the Board. We, therefore, hold that the Board acted properly in striking counts II, IV, V, and VI of petitioners' amended complaint as being frivolous and duplicitous.

For the foregoing reasons, the order of the Illinois Pollution Control Board is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.