THE CITY OF GENEVA, Plaintiff-Appellee, *v.* JOHN A. ORY, Defendant-Appellant.

Second District   No. 79-664

Opinion filed November 7, 1980.

Thomas J. Riggs, of Loftus & Riggs, of Addison, for appellant.

Charles A. Radovich, of Radovich & Radovich, of Geneva, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

This is an appeal by defendant, John A. Ory, from a conviction in the circuit court of Kane County for speeding. Defendant was convicted of operating a motor vehicle westbound in the 1700 block of Kaneville Road, Geneva, Illinois, on February 20, 1978, at a speed of 46 miles per hour in a posted 30-miles-per-hour zone in violation of a Geneva municipal ordinance. Defendant concedes that he was traveling 46 miles per hour; but he maintains that the area involved does not constitute an "urban district" and that the establishment of a maximum speed limit of 30 miles per hour was therefore unlawful.

The threshold issue, and the dispositive one, is whether the 1700 block of Kaneville Road is an "urban district" for purposes of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½). If, as plaintiff argues, the zone is an "urban district", the posting of a 30-miles-per-hour speed limit by the municipality is clearly lawful. (Ill. Rev. Stat. 1977, ch. 95½, par. 11—601(c).) If the zone is not an "urban district," the posted limit is below the minimum permitted by statute and therefore invalid and unenforceable. Ill. Rev. Stat. 1977, ch. 95½, par. 11—604.

An "urban district" is defined in section 1—214 of the Code as "[t]he territory contiguous to and including any street which is built up with structures devoted to business, industry or dwelling houses situated at

intervals less than 100 feet for a distance of one quarter of a mile or more." (Ill. Rev. Stat. 1977, ch. 95½, par. 1—214.) To determine whether the 1700 block of Kaneville Road fit within this statutory definition, the trial court admitted into evidence an aerial photograph showing the measured distances between the structures located within the 1600 to 1800 blocks of Kaneville Road. Although the interval between certain structures on both sides of the road exceeded the requisite 100 feet, the court nonetheless ruled that the area was an "urban district" because it was contiguous to a densely populated area known as Pepper Valley Subdivision.

Only a few structures in this neighboring subdivision actually border on Kaneville Road within the applicable quarter mile from the point of arrest. The remaining homes are joined to Kaneville Road only by a separate access road, Northampton Drive. It would seem, therefore, that the trial court construed the word "contiguous" to include not only those structures which actually border on Kaneville Road, but also those nearby with access by means of another road. Defendant, however, contends that the statute plainly refers to structures on property bordering the roadway alone and not to the neighborhoods beyond. We agree.

Section 1—214 of the Illinois Vehicle Code has not heretofore been interpreted by our courts. We think that the degree of specificity with which the legislature has defined the interval between structures and the distance over which the structures must be located to comprise an "urban district" weighs against so expansive an interpretation of "contiguous" as the trial court adopted here. Webster defines "contiguous" as "being in actual contact: touching along a boundary or at a point." (*Webster's* New Collegiate Dictionary 243 (1979).) Furthermore, we note that the Illinois Department of Transportation in its booklet entitled Policy on Establishing and Posting Speed Limits 2—1 (January 1977), provides: "The structures referred to in the definition should include only those that have direct access to the highway." Such administrative guidelines construing statutory provisions are entitled to deference by reviewing courts unless clearly erroneous, arbitrary or unreasonable. *Sugden v. Department of Public Welfare* (1960), 20 Ill. 2d 119, 121, 169 N.E.2d 248, 249; *Winnetkans Interested in Protecting Environment (WIPE) v. Pollution Control Board* (1977), 55 Ill. App. 3d 475, 480, 370 N.E.2d 1176, 1179.

Therefore those homes in the Pepper Valley Subdivision which have no direct access to Kaneville Road should not have been considered by the trial court for the purpose of denominating that roadway as an "urban district." Accordingly, the posted speed limit of 30 miles per hour is invalid. Where there is no other valid speed restriction posted, the Illinois Vehicle Code provides that a statutory maximum of 55 miles per hour shall apply outside an urban district. Ill. Rev. Stat. 1977, ch. 95½, par. 11—601(d).

1120

The judgment of the circuit court of Kane County is therefore reversed.

Judgment reversed.

UNVERZAGT and VAN DEUSEN, JJ., concur.