THE PEOPLE *ex rel.* RICHARD M. DALEY, STATE'S ATTORNEY OF COOK COUNTY, Plaintiff-Appellee, v. NINE THOUSAND FOUR HUNDRED AND THREE DOLLARS, $9,403 IN U.S.C., Defendant-Appellant.

First District (2nd Division)   No. 84—0697

Opinion filed February 11, 1985.

James W. Reilley and Christine P. Curran, both of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Daniel Cannon, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:

The State brought an action against Dessie Morrison (hereinafter claimant) for the forfeiture of money pursuant to section 505 of the Controlled Substances Act. (Ill. Rev. Stat. 1983, ch. 56½, par. 1505(a)(5).) Following a bench trial, the court ruled in favor of the State. On appeal, claimant contends that the trial court erred in finding the State's evidence sufficient to raise the rebuttable pre-

sumption under section 505 thereby justifying the forfeiture.[1] In addition, she contends that if the State successfully raised the statutory presumption, she rebutted the presumption, and the State failed to introduce any additional evidence to meet its burden of proof.

At trial, the parties stipulated that claimant previously pleaded guilty of possession of a controlled substance. They further stipulated that $8,542 in cash was seized at her home.

Agent Andrew Douvris testified that on August 10, 1982, he searched claimant and her single-family home in Chicago pursuant to a warrant. There he saw a vial of tinfoil packets containing brownish powder on the kitchen table; three packets contained heroin.

Agent Douvris further testified that he recovered $8,542 in cash from her bedroom directly adjacent to the kitchen. He found $7,000, mostly in small denominations, in a dresser drawer which also contained numerous hypodermic syringes. On top of the dresser stood a tri-beam scale, a quantity of plastic bags, small squares of tinfoil and an ounce of powder commonly used to dilute heroin. In addition, he found approximately $1,450 and a bag containing several handguns in her bedroom closet. Agent Douvris finally testified that claimant stated that the money was hers.

At the forfeiture hearing claimant denied having any heroin in her house, a scale on her dresser or guns in her bedroom. She further testified that the money was found in a file cabinet at the foot of her bed, and the money was derived from selling food and drinks at her brother's "after-hours place" which he periodically held in the basement of the house. In addition, she maintained that approximately $2,000 was hers and that she had been earning money this way for "a little awhile." Finally, she testified that she had diabetes and used the hypodermic syringes to inject insulin.

The trial court ruled in favor of the State, noting that the facts led to the inference that claimant's house was involved in drug traf-

---

[1]Section 505 provides in pertinent part:

"(a) The following are subject to forfeiture:

* * *

(5) everything of value furnished, or intended to be furnished, in exchange for a substance in violation of this Act ***. All moneys, coin and currency found in close proximity to forfeitable substances, to forfeitable drug manufacturing or distributing paraphernalia, or to forfeitable records of the importation, manufacture or distribution of substances, are rebuttably presumed to be forfeitable under this Act. The burden of proof is upon claimants of the property to rebut this presumption." Ill. Rev. Stat. 1983, ch. 56½, par. 1505(a)(5).

fic and that the presumption of section 505(a)(5) was raised. However, the court did not specifically indicate whether claimant rebutted the presumption, but noted that her credibility was in question and stated that he found her testimony that the source of the money was from gambling and the sale of food and whiskey to be "no type of evidence in any way, shape or form." Finally, the court noted that under the cases *People v. Anderson* (1979), 74 Ill. App. 3d 363, 392 N.E.2d 938, and *People v. Snyder* (1977), 52 Ill. App. 3d 612, 367 N.E.2d 752, the party claiming the money had the burden of showing that the money was from sources other than narcotics, and that in this case she had failed to do so.

■■ ■ Claimant first argues that the statutory presumption only arises if the State proves that she was unlawfully engaged in the manufacture or distribution of controlled substances and, hence, the presumption could not arise here because the State merely proved that she was convicted of possession. Initially, we note that the trial court specifically found that the premises were involved in "drug traffic." In addition, the statutory language creating the presumption contains no express language limiting its application to manufacturers or distributors of controlled substances. Moreover, the statutory language creating the presumption is immediately preceded by a definition of the term forfeitable as, "everything of value furnished, or intended to be furnished, in exchange for a substance in violation of this Act." Hence, the statutory language seems to unambiguously contemplate the application of the presumption to purchasers and possessors of controlled substances. Where the language of a statute is plain, it must be given effect by the courts; we cannot read into a statute words which are not within the plain intention of the legislature as determined from the statute itself, nor can we restrict or enlarge the plain meaning of an unambiguous statute. (*Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129, 302 N.E.2d 313.) We decline to read into the statute a limitation that the presumption applies only to manufacturers or distributors of a controlled substance.

■■ Claimant, however, further argues that when the money sought to be forfeited is found in a separate room from the forfeitable substance, the presumption is not raised because close proximity is not established. We cannot agree. In this case, the funds seized were found in a room directly adjacent to that where the heroin was found. Moreover, the funds were in the same room as the scale and other drug paraphernalia. We will not restrict or enlarge the plain meaning of an unambiguous statute to require that con-

trolled substances and forfeitable items related thereto be found in the same drawer, box or cabinet as the money. Here, the nexus between the money and evidence of drug involvement was sufficient.

■ In addition, claimant contends that mere testimony of the seizure of forfeitable drug-related paraphernalia is insufficient to raise the statutory presumption if physical evidence could have been easily produced in court. Testimonial evidence is sufficient to establish the presence of drug-related paraphernalia even though the physical evidence itself is not presented at trial. See *People v. Brengettsy* (1962), 25 Ill. 2d 228, 184 N.E.2d 849.

■ Finally, she argues that, if the State successfully raised the rebuttable statutory presumption, she rebutted the presumption, and the State failed to introduce any additional evidence to meet its burden of proof. A presumption of law merely compels the trier of fact to reach a conclusion in the absence of evidence to the contrary; if the opponent offers evidence to the contrary, the presumption disappears as a rule of law, and the case is in the trier of fact's hands free from any rule. (*Diederich v. Walters* (1976), 65 Ill. 2d 95, 357 N.E.2d 1128.) The party producing evidence to rebut the presumption must come forward with evidence that is sufficient to support a finding of the nonexistence of the presumed fact; if a strong presumption arises, the weight of the evidence brought in to rebut it must be great. (*Franciscan Sisters Health Care Corp. v. Dean* (1983), 95 Ill. 2d 452, 448 N.E.2d 872.) The trial court here specifically found that claimant's testimony was "no type of evidence in any way, shape or form." Credibility of witnesses is for the trier of fact. (*Schulenburg v. Signatrol* (1967), 37 Ill. 2d 352, 226 N.E.2d 624.) Where a factual question is raised, a reviewing court must defer to the judgment of the trial court unless its ruling is against the manifest weight of the evidence. (*People v. Snyder* (1977), 52 Ill. App. 3d 612, 367 N.E.2d 752.) We therefore find that claimant failed to rebut the statutory presumption because the trial court did not believe her testimony, and the court's ruling was not against the manifest weight of the evidence.

Accordingly, we affirm the judgment of the circuit court.

Judgment affirmed.

BILANDIC and HARTMAN, JJ., concur.