HARRISBURG-RALEIGH AIRPORT AUTHORITY, Plaintiff-Appellee, v. THE DEPARTMENT OF REVENUE, Defendant-Appellant.

Fifth District    No. 5—86—0715

Opinion filed December 1, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellant.

Charles M. Ferguson, of Harrisburg, for appellee.

JUSTICE WELCH delivered the opinion of the court:

In this case of first impression, the Illinois Department of Revenue (hereinafter referred to as Department) appeals the decision of the circuit court of Saline County reversing the Department's denial of tax exempt status to certain property owned by the Harrisburg-Raleigh Airport Authority (hereinafter referred to as Airport).

On November 30, 1983, the Saline County Board of Review submitted its certification of exemption request to the Department, finding that certain property of the Airport was exempt from general taxes for the year 1983. The Department issued an exemption certifi-

cation approving the requested exemption except for certain mineral interests not at issue in this appeal, and certain hangars which, the Department concluded, remained taxable.

The Airport applied for administrative review of the Department's decision with respect to the hangars and, after hearing before an administrative law judge, the Department's decision was affirmed. On February 18, 1986, the Airport filed its complaint for administrative review before the circuit court of Saline County.

The circuit court reversed the decision of the Department, finding that the hangars in question, although rented to private individuals for storage of private planes, remain airport property used for airport authority purposes and are therefore exempt from taxation under section 19.20 of the Revenue Act of 1939. (Ill. Rev. Stat. 1985, ch. 120, par. 500.20.) The Department appeals.

The hangars in question are available for rent to the public for storage of aircraft on a first come, first served basis. There are 20 hangars available and the Airport averages a 75% occupancy rate, which approaches full occupancy during the winter months. The hangars are rented on a monthly basis at the rate of $35 to $85 per month. Some tenants pay rent for a full year in advance, rather than on a monthly basis. The Airport maintains the hangars and provides electricity thereto.

Section 19.20 of the Revenue Act provides tax exempt status for "[a]ll property of every kind belonging to any Airport Authority and used for Airport Authority purposes." (Ill. Rev. Stat. 1985, ch. 120, par. 500.20.) There is no question that the Airport constitutes an Airport Authority within the meaning of this section and that the hangars are owned by the Airport Authority. The only question is whether the hangars are used for Airport Authority purposes. The Department held that they were not, and in so finding, misconstrued the statute.

■ Courts of review are not bound to give the same measure of deference to an administrative agency's construction of a statute as is given to its findings of fact. (*Nestle Co. v. Johnson* (1979), 68 Ill. App. 3d 17, 20, 385 N.E.2d 793, 795.) A decision based upon an erroneous, arbitrary or unreasonable construction of a statute cannot be allowed to stand. *Winnetkans Interested in Protecting the Environment v. Pollution Control Board* (1977), 55 Ill. App. 3d 475, 480, 370 N.E.2d 1176, 1179.

■ While it is true that statutes exempting property from taxation must be strictly construed in favor of taxation (*Follett's Illinois Book & Supply Store, Inc. v. Isaacs* (1963), 27 Ill. 2d 600, 606, 190

N.E.2d 324, 327), courts may not read into a statute words that are not within the plain intention of the legislature (*People ex rel. Daley v. Nine Thousand Four Hundred and Three Dollars, $9,403 in U.S.C.* (1985), 131 Ill. App. 3d 188, 191, 476 N.E.2d 80, 82). The cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the legislature's intent. *Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 341, 504 N.E.2d 84, 86.

It is clear that the legislature intended that the tax exemption provided in section 19.20 of the Revenue Act extend to the hangars in question here. The hangars are clearly used for Airport Authority purposes.

■ Airport Authorities are municipal corporations created pursuant to the Municipal Airport Authorities Act (Ill. Rev. Stat. 1985, ch. 15½, par. 68.1 *et seq.*). The purpose of the Act is to provide for the establishment and continued maintenance and operation of safe, adequate and necessary public airports and public airport facilities. (Ill. Rev. Stat. 1985, ch. 15½, par. 68.7.) A public airport is defined as an airport which is used or intended for use by public, commercial and private aircraft and by persons owning, managing, operating or desiring to use, inspect or repair any such aircraft. (Ill. Rev. Stat. 1985, ch. 15½, par. 68.1.) Thus, one of the purposes of an airport authority is to maintain an airport for the use of private aircraft and their owners. Furthermore, an airport includes, by definition, hangars. (Ill. Rev. Stat. 1985, ch. 15½, par. 68.1.) Providing hangars for the storage of private aircraft is therefore a legitimate airport authority purpose and falls within the exemption provided in section 19.20 of the Revenue Act.

That the airport charges rent for the use of these hangars does not change this conclusion. An airport authority is expressly authorized to fix, charge and collect reasonable rentals for the use of any part of a public airport or any facility thereof. Ill. Rev. Stat. 1985, ch. 15½, par. 68.8.

The Department argues that because the hangars are rented to private parties for private purposes, they are not used for airport authority purposes. However, hangar rental is merely one of the services provided by a public airport and is directly connected to the use of the airport. There is no evidence in the record that the hangars are used for any other purpose, or that any other use is contemplated. The rental of these hangars is thus a legitimate airport authority purpose.

Furthermore, the provision of hangars for storage of aircraft is a

256

service which is available to the public. The hangars are rented to anyone on a first come, first served basis. Although each hangar may become "private" upon being rented, the hangars are available to the public. Thus, providing the hangars is a public service which is consistent with airport authority purposes.

For this reason, the judgment of the circuit court of Saline County is affirmed.

Affirmed.

LEWIS and CALVO, JJ., concur.