WILLIAM H. HUNT, Plaintiff-Appellant, v. TED SANDERS, State Superintendent of Education, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—89—0137

Opinion filed January 29, 1990.—Rehearing denied April 30, 1990.

Cornfield & Feldman, of Chicago (Gail E. Mrozowski and Mark S. Stein, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (David A. Thompson, Special Assistant Attorney General, of Chicago, of counsel), for appellees.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

The subject of this appeal is an order entered by the circuit court of Cook County affirming the revocation of plaintiff's teaching certificates by defendant, who is the State Superintendent of Education, and dismissing plaintiff's amended complaint. Plaintiff appeals, contending that the State Teacher Certification Board (Board) had the final authority to determine whether his teaching certificates should be revoked. Plaintiff further contends that his right to due process was violated when defendant, after prosecuting him before the Board and receiving an adverse decision, overturned that decision. Plaintiff's final contention is that defendant's revocation of his certificates was unreasonable.

Plaintiff was a tenured physical education teacher in the Argo-Summit School District 104 in Cook County, where he taught for 17 years. During the 1983-84 school year, the local board of education sought to discharge plaintiff, charging that he had exhibited immoral and unprofessional conduct by pinching the buttocks of several female students. A hearing was conducted to determine whether the local board had cause to discharge plaintiff. The hearing officer concluded that plaintiff had engaged in "questionable conduct," but there was no other behavior to infer sexual interaction. The hearing officer then found that plaintiff's conduct was remediable, and he ordered plaintiff reinstated. The local school board filed a complaint for administrative review. After hearing arguments, the circuit court reversed the decision of the hearing officer and entered an order that plaintiff be dis-

charged from his teaching position. On appeal, the order of the circuit court was affirmed. *Board of Education v. State Board of Education* (1985), 138 Ill. App. 3d 947, 487 N.E.2d 24.

Seven months after plaintiff's discharge, Richard Martwick, the regional superintendent of schools for Cook County, suspended plaintiff's teaching certificates for one year. The following month defendant petitioned the Board to determine whether plaintiff's teaching certificates should be revoked, and he advised plaintiff of the administrative hearing. Defendant then filed a brief advocating the revocation of plaintiff's teaching certificates. In November 1986, the Board voted eight to four not to accept defendant's petition and held that plaintiff was entitled to retain his certificates.

In May 1987, defendant issued an "Administrative Decision" revoking plaintiff's certificates. The following month plaintiff filed a complaint for *mandamus*, administrative review and common-law writ of *certiorari*. The circuit court entered an order that defendant rather than the Board had final authority in certificate revocation cases. Several months later the court reconsidered, vacated its order and found that the Board had final authority in revocation cases. The following month, the court again reconsidered its previous finding in light of *Trigg v. Sanders* (1987), 162 Ill. App. 3d 719, 515 N.E.2d 1367, and concluded that defendant rather than the Board had final authority in revocation cases. The court then dismissed counts I and III from plaintiff's complaint but allowed count II for administrative review. Thereafter, the court entered an order granting defendant's motion to dismiss the complaint in its entirety and affirmed the "Administrative Decision" of defendant to revoke plaintiff's certificates.

Plaintiff contends that the Board rather than defendant has final authority to determine whether a teacher's certificate should be revoked. Plaintiff further contends that defendant denied plaintiff his right to due process by prosecuting him before the Board and then purportedly reversing the Board's adverse decision. The statute governing the suspension or revocation of teaching certificates is section 21—23 of the Illinois School Code (Ill. Rev. Stat. 1985, ch. 122, par. 21—23), which provides in part:

> "Any certificate issued pursuant to this Article may be suspended for a period not to exceed one calendar year by either the regional superintendent or State Superintendent of Education upon evidence of immorality, a condition of health detrimental to the welfare of pupils, incompetency, unprofessional conduct, the neglect of any professional duty, willful failure to report an instance of suspected child abuse or neglect *** or

other just cause. \*\*\* The regional superintendent or State Superintendent of Education shall upon receipt of evidence of immorality, a condition of health detrimental to the welfare of pupils, incompetency, unprofessional conduct, the neglect of any professional duty or other just cause serve written notice to the individual and afford the individual opportunity for a hearing prior to suspension. If a hearing is requested within 10 days of notice of opportunity for hearing it shall act as a stay of proceedings not to exceed 30 days. No certificate shall be suspended until the teacher has an opportunity for a hearing at the educational service region. When a certificate is suspended, the right of appeal shall lie to the State Teacher Certification Board. When an appeal is taken within 10 days after notice of suspension it shall act as a stay of proceedings not to exceed 60 days. Any certificate may be revoked for the same reasons as for suspension by the State Superintendent of Education. No certificate shall be revoked until the teacher has an opportunity for a hearing before the State Teacher Certification Board, which hearing must be held within 60 days from the date the appeal is taken."

The Fourth District Appellate Court recently examined this statute and applied the rules of statutory construction to determine whether the State Superintendent of Education could revoke a teacher's certificate for the same reason that the regional superintendent suspended the certificate. (*Trigg*, 162 Ill. App. 3d 719, 515 N.E.2d 1367.) Although the issue in the instant case differs from *Trigg*, its determination also requires an examination of the statute and an application of the rules of statutory construction.

■■■ The primary role of statutory interpretation and construction is to ascertain and effectuate the true intent and meaning of the legislature. (*Trigg*, 162 Ill. App. 3d 719, 515 N.E.2d 1367.) In interpreting a statute which has not previously been interpreted, the legislative language must be given its plain and ordinary meaning. If the language of the statute is clear and unambiguous and the legislative intent can be ascertained therefrom, the language must prevail and will be given effect by the courts without resorting to other aids of construction. (*Trigg*, 162 Ill. App. 3d 719, 515 N.E.2d 1367.) However, where, as here, the language is ambiguous, the court is guided by the rules of statutory construction. The interpretation of a statute must be based on the nature and object of the statute as well as the consequences which would result from construing it one way or another. *Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 373 N.E.2d 1332; *Trigg*,

162 Ill. App. 3d 719, 515 N.E.2d 1367.

In the instant case, plaintiff had been discharged from his teaching position, and his discharge was affirmed by this court. The regional superintendent then suspended his teaching certificates for one year. Shortly thereafter, defendant advised plaintiff that a hearing would be held before the Board to determine whether his teaching certificates should be revoked. Defendant filed a brief advocating the revocation of plaintiff's teaching certificates. Defendant then issued an "Administrative Decision" overruling the Board's decision and revoking plaintiff's certificates.

■■ The language of the statute provides that a certificate can be revoked by defendant but "[n]o certificates can be revoked until the teacher has a hearing before the State Teacher Certification Board." Furthermore, there is no language in the statute which gives defendant authority to override a decision of the Board which results from this hearing.

The nature and object of the statute is to empower defendant with the authority to pursue and impose sanctions against a teacher's certificate including revocation for various forms of misconduct in order to insure that the teaching profession will be practiced with honesty and integrity, the public will be protected from injury and those who are unworthy or incompetent will be excluded. (*Trigg*, 162 Ill. App. 3d 719, 515 N.E.2d 1367.) However, defendant is only empowered to exercise this authority after plaintiff has had an opportunity for a hearing. If the statute was interpreted as giving defendant the power to override adverse decisions of the Board, several consequences would result. Initially, defendant would be given rights not suggested by the language of the statute which would improperly enlarge its meaning. (*Trigg*, 162 Ill. App. 3d 719, 515 N.E.2d 1367; *People ex rel. Daley v. Nine Thousand Four Hundred & Three Dollars, $9,403 in U.S.C.* (1985), 131 Ill. App. 3d 188, 476 N.E.2d 80.) Another consequence of interpreting the statute as defendant suggests would be to give defendant the power to prosecute the revocation of plaintiff's teaching certificates as well as the power to make the final determination without allowing plaintiff any recourse to an administrative agency or the court. A procedure of this kind would violate plaintiff's right to due process because the due process guarantee of an impartial tribunal in judicial proceedings is also applicable to administrative adjudications. *Collura v. Board of Police Commissioners* (1986), 113 Ill. 2d 361, 498 N.E.2d 1148.

Defendant contends that plaintiff's right to due process was not violated when defendant overruled the Board's decision, and he cites

*Ballin Drugs, Inc. v. Department of Registration & Education* (1988), 166 Ill. App. 3d 520, 519 N.E.2d 1151, in support of his argument. However, *Ballin Drugs* is factually distinguishable because it involved only one member of the hearing board acting as a prosecutor and hearing officer for only part of the hearing. Furthermore, the prosecuting member did not make a determination contrary to the Board and then claim that she had controlling authority, as defendant did in the instant case.

The final authority of the Board's decision is supported by section 21—24 of the Illinois School Code (Ill. Rev. Stat. 1985, ch. 122, par. 21—24), which provides:

"The provisions of the Administrative Review Law, and all amendments and modifications thereof and the rules adopted pursuant thereto, shall apply to and govern all proceedings instituted for the judicial review of final administrative decisions of the State Board of Education, the State Teacher Certification Board, and the regional superintendent of schools under this Article. The term 'administrative decision' is defined as in Section 3—101 of the Code of Civil Procedure. The commencement of any action for review shall operate as a stay of enforcement and no action based on any decision of the State Board of Education, State Teacher Certification Board or the regional superintendent of schools shall be taken pending final disposition of such review."

The statute specifically states that the decision of the Board is a final decision subject to administrative review. The statute also omits any reference to the decisions of defendant as either final or reviewable. If defendant rather than the Board had final authority to revoke teaching certificates, as he contends, the statute cited above would be meaningless because it would then provide for judicial review of administrative decisions that were not final decisions.

*Trigg*, cited by defendant in support of his argument, is factually distinguishable because the issue in that case was defendant's authority to revoke a teacher's certificate following suspension by the regional superintendent. In addition, defendant's decision regarding revocation was the same as the Board's decision, as opposed to the instant case where the two decisions conflict. Therefore, there was no issue in *Trigg* of whether the Board's decision could be overruled by defendant.

For these reasons we conclude that, pursuant to section 21—23 of the Illinois School Code, the Board has the final authority to determine whether a teacher's certificate should be revoked. Based on this

determination, we need not address plaintiff's remaining issue pertaining to the reasonableness of defendant's decision.

Therefore, we reverse the order of the circuit court affirming defendant's "Administrative Decision," and we remand for further proceedings consistent with this opinion.

Reversed and remanded.

O'CONNOR and MANNING, JJ., concur.